**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Terrance M. KEESEE, Respondent.**

**No. 96–SC–1131–KB.**

Supreme Court of Kentucky.

Feb. 27, 1997.

Dale Wright, Kentucky Bar Association, Frankfort, for complainant.

Terrance M. Keesee, Pikeville, for respondent.

***ORDER***

The Inquiry Tribunal charged Respondent with eight counts of having engaged in unethical and unprofessional conduct.

Counts I through VII claim violations of SCR 3.130–1.3 and SCR 3.130–1.1, all involving identical allegations and fact assertions,

with the exception that each of the seven counts involves a different person. In other words, in the first seven counts, Respondent had agreed to represent each individual in a claim for compensation under Title IV of the Federal Coal Mine Health and Safety Act. Each individual case was scheduled for a hearing before an administrative law judge. In each instance, Mr. Keesee failed to appear and failed also to offer a satisfactory explanation as to his absence.

Count VIII claims violation of SCR 3.130–3.3(a)(1) which provides that "a lawyer shall not knowingly make a false statement of material facts or law to a tribunal." On the morning of January 25, 1995, at approximately 8:45 a.m., Mr. Keesee contacted Administrative Law Judge Robert Hillyard to request a continuance of two cases which were set for a hearing later that day. Mr. Keesee informed the judge that he was scheduled to be in Pike District Court that morning and therefore would be unable to attend the hearings as scheduled. Judge Hillyard responded that due to the late nature of Mr. Keesee's request, he would not grant a continuance without a written motion, absent extraordinary circumstances. A couple of hours later, at approximately 11:14 a.m., Mr. Keesee faxed a motion to Judge Hillyard which requested that Mr. Keesee be allowed to withdraw as counsel for the two individuals for whom he was supposed to appear that morning before Judge Hillyard. Mr. Keesee stated that his reason for the request was that he was presently involved in a jury trial. Judge Hillyard then contacted Judge Howard Keith Hall, Pike District Court Judge, and was informed that Mr. Keesee's jury trial which was to be held that day in Pike District Court, had been continued and rescheduled for February 22, 1995. Judge Hall further informed Judge Hillyard that Mr. Keesee was present and aware of the continuance when it was granted that morning, at approximately 10:00 a.m.

The Board of Governors reviewed the findings of the Inquiry Tribunal and noted that no response or appearance was made by Mr. Keesee or by anyone on his behalf. The Board also examined Mr. Keesee's record as to prior discipline, suspension, withdraw and resignation. That examination revealed that Mr. Keesee had received prior discipline in the form of a private admonition for violation of SCR 3.130–1.3 and 3.130–1.4(a) and (b); and a public reprimand for violation of SCR 3.661 (failure to earn the required CLE). Based upon all available information, the Board of Governors voted to recommend that Mr. Keesee be suspended from the practice of law for a period of two (2) years.

In view of the foregoing, this Court adopts the findings of fact and agrees with the recommendation for a two (2) year suspension from the practice of law in the Commonwealth of Kentucky.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. That the respondent, Terrance M. Keesee, is hereby suspended from the practice of law in Kentucky for a period of two (2) years. The period of suspension shall commence on the date of entry of this Order and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent is directed to pay the costs of this action in the amount of $241.25.

3. Pursuant to SCR 3.390, respondent shall, within ten (10) days from the entry of this Order, notify all clients in writing of his inability to represent them and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

ENTERED: February 27, 1997.

/s/ **Robert Stephens**
CHIEF JUSTICE